Argued and submitted September 8, 1986, reversed and remanded for reconsideration
November 12, 1987

## McMILLIN,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(85-AB-970; CA A36868)

744 P2d 1301

D. Michael Dale, Ontario, argued the cause for petitioner. On the brief was Steven N. Thomas, Oregon Legal Services Corp., Pendleton.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., concurring in part; dissenting.

## BUTTLER, P. J.

Petitioner seeks judicial review of a final order of the Employment Appeals Board determining that she is ineligible for unemployment benefits, because she lacked work authorization from the Immigration and Naturalization Service (INS) and is, therefore, unavailable for work. ORS 657.155(1)(c); OAR 471-30-036(3). Unlike its decisions in the two companion cases, *Carillo v. Employment Division,* 88 Or App 204, 744 P2d 1304 (1987), and *Landa v. Employment Division,* 88 Or App 218, 744 P2d 1308 (1987), EAB purported to resolve this case as a matter of fact, rather than as a matter of law. We reverse.

Petitioner is a native of Mexico who married an American citizen in 1982. Her husband applied on her behalf for a permanent resident visa in 1982. INS has yet to act on that application. She worked for the J.R. Simplot Company in Hermiston from September 1982 until she was discharged in June 1984 for failure to prove that she had INS work authorization.

The Employment Division (Division) initially denied petitioner's claim on the ground that she had voluntarily left work without good cause. After a hearing, the referee set aside the administrative decision. The Division issued a second determination denying benefits on the ground that she was "not authorized to work in the United States," notwithstanding its finding that she was living in the United States under color of law. After the second hearing, the referee found that several of the major employers in the agricultural harvesting and processing business in the area required INS work authorization from applicants who are not United States citizens. He also found that some employers in that market area did not require work authorization. He concluded that, although petitioner was unemployed, was able to work and was actively seeking but unable to obtain suitable work during all weeks for which benefits were claimed, she had not satisfied the requirement that she be available for work, because she was not reasonably accessible to any suitable work opportunities within the labor market in which work was being sought.[1] The

---

[1] OAR 471-30-036(1) provides:

"(1)  In considering suitable work factors under ORS 657.190 and for

basis for the conclusion was a factual finding that petitioner's lack of work authorization prevented her from obtaining most jobs in the area of harvesting and processing work.

To be eligible for unemployment benefits, one must be able to work, be available for work and be actively seeking and unable to obtain suitable work. ORS 657.155(1)(c). To be available for work, one must satisfy the requirements of OAR 471-30-036(3):

"For the purposes of determining whether or not an individual is available for work under the provisions of ORS 657.155(1)(c), the Administrator shall require at a minimum that the individual

"(a)   Be willing to work full time during all of the usual hours and days of the week customary for the work being sought pursuant to section (1) of this rule.

"(b)   Be reasonably accessible to any suitable work opportunities within the labor market in which work is being sought pursuant to section (1) of this rule, including any temporary work opportunities that are otherwise suitable unless such temporary work will bar or interfere with return to the individual's regular employment.

"(c)   Has not imposed conditions which substantially reduce the individual's labor market attachment.

"(d)   Be in the normal labor market (as established under

purposes of determining eligibility under ORS 657.155(1)(c), the Administrator may require an individual to actively seek the type of work the individual is most capable of performing due to prior job experience and training except that:

"(a)   If an individual is unable to secure the individual's customary type of work after contacting the potential employers in the labor market where benefits are being claimed, the Administrator may require the individual to seek less desirable but similar work or work of another type which the individual is capable of performing by virtue of experience and training.

"(b)   If the type of work an individual is most capable of performing does not exist in the labor market where the individual is claiming benefits, the Administrator may require the individual to seek any work that exists in the labor market for which the individual is suited by virtue of experience and training.

"(c)   After the individual has contacted the potential employers in the labor market where benefits are being claimed and is still unable to btain work as described in subsections (1)(a) and (b) of this rule, the Administrator may require the individual to further expand work-seeking activities."

Although the Division argues that petitioner was not able to obtain work in the agricultural harvesting and processing market, there is no evidence that it required petitioner to seek other types of employment. She had indicated on her application for benefits that she would accept any work.

section (5) of this rule) every day of the customary work week for the type of work being sought pursuant to section 1 of this rule, unless the individual is actively seeking work elsewhere. However, absence from the normal labor market due to an infrequent circumstance, other than work search, for less than the major portion of the customary work week, shall not result in a finding that the individual is unavailable for work for the week."

EAB's conclusion that petitioner was not available for work within the meaning of the rule and ORS 657.155(1)(c) because she was not "reasonably accessible" to the work involves a distortion of the rule's requirement that petitioner be "accessible." The context in which that word is used clearly requires physical proximity to any suitable work opportunities. Petitioner's lack of INS work authorization did not affect her accessibility to the work that she was seeking.

The effect of EAB's determination in this case is that petitioner is not available for work as a matter of law, because she did not have INS work authorization. The referee's reasoning, adopted by EAB, makes that effect apparent. He analogized petitioner's plight to one seeking work as a lawyer or doctor, for example, when the person did not have a license to practice. That is the rationale EAB finally settled on in both *Carillo* and *Landa,* which EAB decided after it decided this case. As we have pointed out in our opinions in those cases, there was no Oregon or then applicable federal law prohibiting employers from hiring petitioner or prohibiting petitioner, who is here under color of law, from accepting work.

Reversed and remanded for reconsideration.

**ROSSMAN, J.,** concurring in part; dissenting.

I agree that the effect of the EAB decision in this case was that petitioner was not available for work as a matter of law. However, I dissent from the remainder of the opinion for the reasons stated in my dissent in *Carillo v. Employment Division,* 88 Or App 204, 744 P2d 1304 (1987).