Argued and submitted September 8, 1986, reversed and remanded for reconsideration
November 12, 1987

## LANDA,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(86-AB-9; CA A38642)

744 P2d 1308

D. Michael Dale, Ontario, argued the cause for petitioner. On the brief was Ellen Gradison-Eccles, Ontario.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Petitioner seeks judicial review of a final order of the Employment Appeals Board determining that he was not entitled to unemployment benefits because he did not have an immigrant visa or work authorization from the Immigration and Naturalization Service (INS) and was therefore "unavailable" for work. We reverse.

Petitioner entered the United States lawfully under a work contract in 1984.[1] After the contract expired, he remained here and married an American citizen. His wife applied on his behalf for a permanent resident visa, and he applied for INS work authorization. INS has not acted on either request.

The Employment Division denied petitioner's claim for unemployment benefits. The referee found that petitioner was "available" for work as a matter of fact, ORS 657.155(1)(c); OAR 471-30-036(3), but ruled that he was not available as a matter of law, relying on the EAB decision in *Carillo,* and EAB affirmed. We have this date reversed and remanded *Carillo v. Employment Division,* 88 Or App 204, 744 P2d 1304 (1987). The same result is required here for the same reason.

Reversed and remanded for reconsideration.

**ROSSMAN, J.,** dissenting.

I dissent in this case for the reasons stated in my dissent in *Carillo v. Employment Division,* 88 Or App 204, 744 P2d 1304 (1987).

---

[1] As a result, the Division concedes that petitioner is not disqualified from receiving benefits by ORS 657.184, which provides, in pertinent part:

"Benefits shall not be paid on the basis of services performed by an alien unless such alien is an individual who has been lawfully admitted to the United States for permanent residence or to perform such services * * *."